# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | |
|---|---|
| Trimlife, Inc., ) | |
| a North Dakota corporation, ) | |
| ) | **ORDER DENYING MOTION** |
| Plaintiff, ) | **TO RECONSIDER** |
| ) | |
| vs. ) | |
| ) | |
| AIS Insurance Trust Co., ) | |
| a Connecticut corporation, and ) | Case No. 1:04-cv-127 |
| Phoenix Laboratories, Inc., ) | |
| a New York corporation, ) | |
| ) | |
| Defendants. ) | |

Before the Court is defendant Phoenix Laboratories' (Phoenix) motion to reconsider filed on May 12, 2006.  On November 10, 2005, the Court denied Phoenix's motion to dismiss for lack of subject matter jurisdiction.  Phoenix seeks reconsideration of that order.

"The Federal Rules of Civil Procedure do not mention motions for reconsideration." Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999); see also Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000).  The Eighth Circuit has instructed that when such a motion is directed at a non-final order, as is the case here, it should be construed as a Rule 60(b) motion.

The United States Supreme Court has held that Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." United States v. Young, 806 F.2d 805, 806 (1987).  A court has "wide discretion" in ruling on a Rule 60(b) motion.  Sellers v. Mineta, 350 F.3d 706, 716 (8th Cir. 2003).  The Rule "authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like)."  Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999). "It is not a vehicle for

reargument on the merits." Id. (denying relief under Rule 60(b) when the movant "did nothing more than reargue, somewhat more fully, the merits of their claim . . . .").

Although it refers to newly discovered evidence in its motion to reconsider, Phoenix does little more than reargue the merits of its original motion. The Court has carefully reviewed the pending motion, attached exhibits, and other pleadings and remains convinced that its November 10, 2005, order finding subject matter jurisdiction to be present was correct.

Accordingly, Phoenix's motion to reconsider is **DENIED**.

**IT IS SO ORDERED.**

Dated this 6th day of June, 2006.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court
